IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES E. SHELTON
316 COVERED BRIDGE ROAD
KING OF PRUSSIA, PA 19406

      Plaintiff

v.

ATYG LLC
D/B/A STEADY CAPITAL SOLUTIONS
90 STATE STREET, SUITE 700 BOX 10
ALBANY, NY 12207

      Defendant.

Case No.

JURY TRIAL DEMANDED

## PLAINTIFF'S COMPLAINT

### Preliminary Statement

1.    Plaintiff James E. Shelton ("Plaintiff"), by and through the undersigned counsel, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.    Plaintiff alleges that Defendant ATYG LLC d/b/a Steady Capital Solutions ("Steady Capital") commissioned a series of automated, illegal, telemarketing "robocalls," *inter alia,* to sell and advertise their business loan services. These calls were sent to a telephone number listed on the National Do Not Call Registry, which is prohibited by the TCPA.

3.    The Plaintiff never consented to receive such calls, which were placed to him for telemarketing purposes.

1

**Parties**

4.      Plaintiff James E. Shelton is a Pennsylvania resident, and a resident of this District.

5.      Defendant ATYG LLC is a limited liability company organized and existing under the laws of the State of New York and can be served via registered agent Premier Corporate Services at 90 State Street, Suite 700 Box 10, Albany, NY 12207. Its principal address is 1611 Brooklyn Ave, Brooklyn, NY 11221. Defendant ATYG LLC provides business loans in this District, as it attempted to sell the Plaintiff.

**Jurisdiction & Venue**

6.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

7.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls and text messages to the Plaintiff were placed into this District.

**The Telephone Consumer Protection Act**

8.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9.      Under the TCPA, a text message is treated as a call. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

Defendant's Operations

13. Defendant Steady Capital is in the business of selling business loans and quasi-loan products, like merchant cash advances.

14. Defendant Steady Capital uses telemarketing to solicit customers for its services, as they did with the Plaintiff.

15. This is not the first time Defendant has contacted Plaintiff, either. The Plaintiff requested that Defendant refrain from calling the number at issue in August of 2022.

16. Defendant is not registered as a telemarketer with the Attorney General of Pennsylvania.

17. The New York Secretary of State shows that ATYG LLC has an assumed business name of "Steady Capital Solutions."

18.     Defendant has been sued at least two times previously for allegedly violating the TCPA.

The Calls to Mr. Shelton

19.     Plaintiff Shelton is a "person" as defined by 47 U.S.C. § 153(39).

20.     Plaintiff's residential telephone number (the "Number"), 484-626-XXXX, is on the National Do Not Call Registry and has been continuously since he registered it on June 26, 2015.

21.     The Plaintiff has also listed the Number on the Pennsylvania Do Not Call Registry, and it had been on such registry for over a year prior to the calls at issue.

22.     Despite these registrations, and the previous requests he made not be contacted, the Defendant sent at least two calls and two text messages to Plaintiff on June 8, 2023, June 20, 2023, August 29, 2023, and November 13, 2023, from the Caller IDs 215-809-1664, 929-447-4803, and 833-412-9747.

23.     The Number is used as a residential line and for residential purposes.

24.     The Number is not associated with a business.

25.     The first call on June 8 at 11:34 AM was a cold call from "David" at Steady Capital from the caller ID 215-809-1664.

26.     During that call, "David" attempted to sell the Plaintiff a business loan and ultimately sent the Plaintiff an email from david@steadycapitalsolutions.com for the same reason.

27.     The Plaintiff did not respond to the email or otherwise indicate his interest in obtaining a loan.

28.     Despite this, the calls continued.

29. Plaintiff received a text message on June 20, 2023 at 12:32 PM. The message came from the caller ID 929-447-4803 and stated, "`Hey, it's David Munoz with steady Capital I sent you an application before , I want to get you numbers today, did you get a chance to look at everything or do you need me to resend the email?`"

30. Plaintiff did not reply, but the calls continued. On August 29, 2023 at 5:02 PM, the Plaintiff received another call from 215-809-1664.

31. It was "David" again, and "David" sent the Plaintiff another email after the call.

32. Finally, despite the Plaintiff further not responding to the email, the Plaintiff received a final text message from the Defendant on November 13, 2023 at 5:24 PM from the caller ID 833-412-9747. The message stated, "`Hi Steady Capital. I have $100L payback $118K for Your company. I can fund today. No personal guarantee. What's your email ill send what's needed. Stop to end`"

<u>Defendant's Conduct Violates the TCPA</u>

33. The communications received by Plaintiff demonstrate that they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they sought to have him sign up for and purchase business funding services. The calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

34. The Plaintiff never provided his consent or requested the calls.

35. In fact, the Plaintiff explicitly put Defendant on notice that it was not to call him on at least three occasions. First, the Plaintiff put his personal telephone number on the National Do Not Call Registry. Second, the Plaintiff requested that Defendant not call the same number at

issue here as far back as August of 2022. Finally, the Plaintiff never asked to continue to receive calls. He still received calls after each of these events.

36. Defendant ignored multiple requests from Plaintiff that Plaintiff was not to be called and indications that the Plaintiff was not interested.

37. Plaintiff requested as far back as August 2022 or earlier to receive a copy of the Defendant's do not call policy but did not. Based on this fact, it is evident that Defendant does not maintain one.

38. Defendant called multiple times, despite Plaintiff's number being on the National Do Not Call Registry and despite the affirmative representations he did not want to receive calls from Defendant.

39. Based on this fact, it is further evident that Defendant does not maintain Do Not Call policies and procedures as required by law.

40. Defendant also does not maintain an internal Do Not Call list, since Plaintiff clearly expressed he did not want the Defendant to call him and to place him on their Do Not Call list but Defendant called anyway.

41. The calls were not necessitated by any emergency.

42. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his telephone and his privacy was improperly invaded. The calls tied up the Plaintiff and used storage space and battery, as well as network resources. Moreover, they injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

## Legal Claims
## Count One:
## Violation of the TCPA's Implementing Regulations
## Codified at 47 C.F.R. § 64.1200

43. By placing at least four telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on their Do-Not-Call list, Defendant violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

44. This amounts to twelve violations since Defendant committed three violations per call. The first violation is calling a number on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy in place. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on its internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6).

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute at least twelve violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, *inter alia*, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Mr. Shelton's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

46. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

47. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the

TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

48.     The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(c)(5).

## Count Two:
## Violation of the Pennsylvania Telemarketer Registration Act
## 73  Pa. Cons. Stat. § 2241

49.     By placing at least four telemarketing calls to the Plaintiff without registering as a telemarketer under Pennsylvania law, Defendant violated 73 Pa. Cons. Stat. § 2243.

50.     This constitutes four violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Cons. Stat. § 2246(a).

51.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act (PTRA), 73 Pa. Cons. Stat. § 2241, including by making calls to Plaintiff's number, on the Pennsylvania Do-Not-Call registry, without registration.

52.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the PTRA, 73 Pa. Cons. Stat. § 2241, Plaintiff is entitled to an award of $300 in damages for each and every call made to his telephone number in violation of the statute, pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201. *See* 73 Pa. Cons. Stat. § 2246(a).

53.     Plaintiff is also entitled to and does seek his reasonable attorney's fees and costs. 73 Pa. Cons. Stat. § 201-9.2(a).

54. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on their behalf from violating the PTRA in the future. 73 Pa. Cons. Stat. § 201-9.2(b).

### Relief Sought

WHEREFORE, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers on the Do Not Call Registry or from violating the PTRA in the future.

B. Because of Defendant's violations of the TCPA, Plaintiff seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(c)(5).

C. Because of Defendant's violations of the PTRA, Plaintiff seeks for himself $300 in damages for each violation, pursuant to 73 Pa. Cons. Stat. § 201-9.2(a).

D. Because of Defendant's violations of the PTRA, Plaintiff seeks for himself reasonable attorney's fees and costs, pursuant to 73 Pa. Cons. Stat. § 201-9.2(a).

E. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: **January 1, 2024**

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff*